NOT DESIGNATED FOR PUBLICATION

No. 121,390

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARREL GENE SHANNON JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL AND LEBEN, JJ.

PER CURIAM: Darrel Shannon appeals the district court's decision revoking his probation and ordering him to serve his original sentence. He argues that the district court should have given him a 180-day prison sanction and another chance on probation. But Shannon had already violated his probation once and had served intermediate sanctions of 2-day and 6-day stays in the county jail and a 120-day stay in prison. After that, he admitted to violating his probation again almost immediately after his release. In this circumstance, the district court had the discretion to revoke his probation, and we find no abuse of its discretion in doing so. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2016, Shannon pleaded guilty to one count of possession of methamphetamine and one count of possession of drug paraphernalia. The district court sentenced Shannon to 18 months of probation and drug treatment with an underlying prison sentence of 17 months. Shannon would only serve his prison sentence if he failed to successfully complete his probation, which included participating in substance-abuse treatment, remaining drug- and alcohol-free, submitting to drug testing, maintaining full-time employment, and reporting to his probation officer.

Three months before his probation expired, Shannon agreed to modify his probation in this case and three others because he owed 40 hours of community service and $2,682.16 in court costs. The district court extended his probation by 12 months. While on probation, Shannon's probation officer imposed 2-day and 6-day jail stays as sanctions for probation violations.

In May 2018, Shannon stipulated to violating his probation by failing to report to his probation officer, abide by his curfew, submit to drug tests, remain drug-free, inform his probation officer of residence changes, maintain suitable employment, and pay court ordered fines and fees. The court imposed a 120-day prison sanction.

Shannon was released from prison on July 6, 2018, and failed to report to his probation officer. The probation officer requested a warrant on July 26, 2018, and the State moved to revoke Shannon's probation. At a hearing, Shannon's probation officer testified that Shannon did not report to her after he was released from prison and failed to show up for his drug-and-alcohol evaluation. Shannon admitted that he did not call or visit his probation officer after he left prison, attend his drug-and-alcohol evaluation, or attend detox. When asked why, Shannon testified, "I'm going to get in trouble as it is . . . . [I]f I'm going to get in trouble, I might as well stay out as long as I possibly can."

Shannon and his probation officer recommended a 180-day prison sanction. But the district court revoked Shannon's probation and imposed his 17-month prison sentence; the court also imposed the sentences in three other cases. Shannon filed a timely notice of appeal.

ANALYSIS

Shannon argues that the district court erred in revoking his probation and imposing his prison sentence.

The State contends that Shannon's appeal is moot because he completed serving his sentence and is currently on postrelease supervision according to the Kansas Department of Corrections website. But this website is not part of the record on appeal and we cannot take judicial notice of its information. The website includes a disclaimer that the information it contains may be inaccurate. Kansas Supreme Court Rule 2.042 (2019 Kan. S. Ct. R. 18) requires the State, after an appeal is docketed, to serve notice on the clerk of the appellate courts of any change in defendant's custodial status while the appeal is pending. The State has not provided this notice, so we will not consider its argument that Shannon's appeal is moot. See *State v. Gross*, No. 120,161, 2019 WL 2553929, at *1 (Kan. App. 2019) (unpublished opinion) (refusing to take judicial notice of information provided by the KDOC website); see also *State v. Ellis*, No. 110, 904, 2015 WL 1402820, at *2 (Kan. App. 2015) (unpublished opinion) (refusing to take judicial notice of information provided by the KASPER website).

Once we turn to the merits of Shannon's appeal, the legal rules are straightforward. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. Once a probation violation is established, the district court has discretion to revoke probation. *State v. Skolaut*, 286 Kan. 219, 227-28,

182 P.3d 1231 (2008). But at the time Shannon committed his probation violations, that discretion was limited by the statute governing probation revocation. K.S.A. 2018 Supp. 22-3716. Unless the defendant had committed a new crime or absconded from supervision, the district court first had to impose intermediate sanctions before it could exercise its discretion to revoke probation. K.S.A. 2018 Supp. 22-3716(b) and (c).

For most felony crimes, the first intermediate sanction was a 2- or 3-day period in jail. K.S.A. 2018 Supp. 22-3716(c)(1)(B). After that first jail sanction, the court could order the defendant to serve either 120 or 180 days in prison. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). These longer sanctions could be imposed just one time each. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). If the defendant violated probation again after serving a 120- or 180-day sanction, the court had discretion to revoke probation. K.S.A. 2018 Supp. 22-3716(c)(1)(E); *State v. Dooley*, 308 Kan. 641, 648-49, 423 P.3d 469 (2018).

In this case, Shannon had already served 2-day and 6-day jail sanctions during his probation. He served a 120-day prison sanction after his May 2018 probation violation. Since the district court had already imposed the intermediate sanctions laid out in the probation-revocation statute, we review its decision to revoke Shannon's probation for an abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. McCllough*, 293 Kan. 970, 981, 270 P.3d 1142 (2012); *State v. Del Rio*, No. 114,226, 2016 WL 2611127, at *2 (Kan. App. 2016) (unpublished opinion).

We find nothing unreasonable about the district court's decision to revoke Shannon's probation. Shannon admitted to violating his probation in May 2018. After serving a 120-day sanction for that violation, he immediately violated his probation again by failing to report to his probation officer, attend court-ordered drug treatment, and attend his drug evaluation. He admitted the violations at his hearing and his testimony

suggests intentional noncompliance: "[I]f I knew I was going to get in trouble anyway, I figured I would stay out as long as I could."

The district court had imposed all required intermediate sanctions before revoking Shannon's probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). With multiple sanctions and two probation violations, it was not unreasonable for the district court to conclude that Shannon was not responding to probation and impose his prison sentence. See *Del Rio*, 2016 WL 2611127, at *2 (affirming the district court's decision to revoke probation where the defendant had several violations, sanctions, and attempts at probation).

On Shannon's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Shannon's probation.

We affirm the district court's judgment.